# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFFREY A. ARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV-04-546-S |
| ) | |
| DUANE CRIMS, Poteau Police ) | |
| Department, MARK KANNADY, Poteau ) | |
| Police Department, and JIM CRAIG, ) | |
| Poteau Police Department, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the court for its consideration is the Defendants' Motion to Dismiss for plaintiff's failure to cooperate in discovery. The court rules as follows on the motion.

Plaintiff, an inmate in the custody of the Leflore County jail, brings this 42 U.S.C. Sec. 1983 action alleging that he is being wrongfully detained for crimes he did not commit. In his complaint, plaintiff alleges a violation of double jeopardy, defamation of character, denial of his right to a fair and speedy trial as well as a denial of his right to have access to the law library.

On March 31, 2005, defendants served plaintiff with a First Set of Interrogatories, Request for Admissions, and Requests for Production of Documents. Plaintiff's responses were due April 30, 2005. Plaintiff failed to respond. On October 6, 2005, defendants mailed plaintiff a letter requesting responses to discovery. The letter explained if the responses were not forthcoming a motion to compel would be filed. Plaintiff responded with a letter which

1

stated he did have some copies of documents to send but he could not get anyone to copy them.  The remainder of the letter proclaims his innocence.  On October 25, 2005,  defendants filed a motion to compel.  On November 23, 2005, the court issued an order granting defendants' motion to compel.  The plaintiff was ordered to respond to the discovery request by December 13, 2005.  Plaintiff failed to respond by the court imposed deadline. On December 23, 2005, defendants filed this motion to dismiss for plaintiff's failure to respond to the court ordered discovery requests.  Plaintiff failed to timely respond to the motion to dismiss.  As a result, the court entered a show cause order requesting the plaintiff to show the court why the motion should not be granted.  On February 28, 2006, plaintiff did file a response to the motion to dismiss and to the order requesting him to show cause.  In that response, plaintiff states that some of the defendants have failed to respond to his complaint.  He also said his court-appointed lawyer has ordered a transcript which he needs to support his complaint and he has yet to receive that transcript.  He also claims that he is trying to get pictures which will prove his innocence.  He also again argues that he is unlawfully confined and did not commit the crimes of which he is accused.  However, he did not specifically explain how the transcript or the photographs were relevant to his claim.

   Before the court can order dismissal as a sanction, the court must weigh (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would likely be a sanction for noncompliance and (5) the efficacy of lesser sanctions. Ehrenhaus v Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) and Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994).  These factors do not constitute a rigid test; rather they represent criteria for the

district court to consider prior to imposing dismissal as a sanction. Ehrenhaus at 921.

First, defendants in this case have clearly been prejudiced by the plaintiff's conduct. Plaintiff's failure to provide responsive answers to the interrogatories, admission and request for production of documents and explain his allegations against the defendants has thwarted their ability to proceed forward with the defense of this case. Further, by failing to respond to the interrogatories plaintiff fails to provide factual allegations against the defendants to support his claim. If plaintiff cannot substantiate his claims he cannot proceed with this lawsuit. Plaintiff alleges that he does have documents which he intends to share with defendants but cannot get anyone to make a copy. He also said that he is awaiting a transcript and some pictures. However, this does not explain why he has failed to respond to the interrogatories and requests to admit. Defendants requested plaintiff explain his allegations, in his own words, and set forth the specifics of his allegations. They requested plaintiff identify individuals alluded to in his complaint, provide names of witnesses, and set forth dates and times of when the alleged incidents occurred. Plaintiff could have provided a meaningful response to these allegations without such documentation. Further, he does not explain how the documents, transcript and pictures that he is seeking are relevant. Plaintiff simply failed to provide the requested information. It is undisputed that in a civil rights complaint the allegations against a defendant must be particularized. "Personal participation of defendant is an essential allegation in a 42 U.S.C. Sec. 1983 complaint". Bennett v. Passic, 545 F.2d 1260, 1262-1263 (10th Cir. 1976); Battle v. Lawson, 352 F.Supp. 156, 158 (W.D.Okl.1972) and Rucker v. Grider, 526 F. Supp 617, 621 (W.D. Okla. 1980). Plaintiff has simply

failed to explain his allegations against defendants. As a result, defendants have no idea what the specifics of the claims are against them and what evidence plaintiff has to support his claim. Thus, defendants have been prejudiced by either the plaintiff's inability or outright refusal to set forth more specific allegations as to defendants.

Second, the judicial process has been stalled by plaintiff's behavior. Plaintiff was ordered to provide discovery responses by December 13, 2005. He did not provide any responses. Defendants were unable to proceed forward collecting discovery in this case because of plaintiff's behavior. They have been unable to proceed with the defense of this case because of plaintiff's conduct. If plaintiff has more information, he should come forward with it, if not he should dismiss the case. Plaintiff has done neither.

Third, the court questions the culpability of the plaintiff. The plaintiff has simply failed to respond to the requests. He has never set forth an explanation as to why he is refusing to participate in discovery. Accordingly, the court must question his refusal to follow this court's order and respond to the requests.

Fourth, the court may not have specifically forewarned the plaintiff in writing that dismissal may be an alternative if he continued his dilatory behavior in discovery, but the plaintiff knew this was an option. The defendants filed a motion to dismiss arguing the case should be dismissed for plaintiff's failure to cooperate in discovery. The court entered an order asking the plaintiff to show cause as to why this motion should not be granted for his failure to respond. Thus, plaintiff knew there was a possibility the court would grant the motion to dismiss due to his behavior.

Finally, the court must evaluate the efficiency of lesser sanctions. This court is aware that in cases involving *pro se* plaintiffs the court must carefully assess whether a lesser sanction is appropriate. <u>Ehrenhaus v Reynolds</u>, 965 F.2d 916, 920 n.3 (10th Cir. 1992). Plaintiff has simply failed to participate in discovery. Even without the documents which he claims need to be copied and the transcripts and pictures he is trying to obtain plaintiff could have responded to the interrogatories and requests to admit with simple statements of the allegations he was asserting. Plaintiff simply failed to do this. Plaintiff has clearly stalled the progress of this litigation by his refusal to allow meaningful discovery to proceed. Further, plaintiff has never provided an explanation for his failure to participate in discovery. The court finds these aggravating factors outweigh the judicial system's strong predisposition to resolve the case on its merits. <u>Meade v Grubbs</u>, 841 F.2d 1512, 1520, 1521 n. 7 (10th Cir. 1988). As a result, in view of plaintiff's conduct throughout the course of this litigation, the court does not believe that any lesser sanction would serve the interest of justice. <u>Archibeque v. Atchison, Topeka and Santa Fe Railway</u>, 70 F.3d 1172, 1174-1175 (10th Cir. 1995).

Based on the foregoing reasons, the Defendants' Motion to Dismiss for plaintiff's failure to cooperate in discovery is **GRANTED**.

**IT IS ORDERED** this 6th day of March, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma